UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81082-CIV-COHN/Seltzer

MORRIS McDANIEL,

               Plaintiff,

vs.

RIC L. BRADSHAW, as Sheriff of Palm
Beach County and the CITY OF
BOYNTON BEACH, as Boynton Beach
Police Department,

               Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

**THIS CAUSE** came before the Court on Defendant Ric Bradshaw's Motion to

Dismiss [DE 8], Plaintiff's Response [DE 9] and Defendant's Reply [DE 10].  The Court

has carefully considered the filings and is otherwise fully advised in the premises.  The

Motion to Dismiss became ripe on December 2, 2010.

## I.  BACKGROUND

Plaintiff Morris McDaniel filed this action against Defendant Rick Bradshaw, as

Sheriff of Palm Beach County ("PBSO" or "Sheriff's Office"), and Defendant City of

Boynton Beach, Florida, based upon Mr. McDaniel's ("Plaintiff") arrest on May 4, 2008.

The Complaint brings claims pursuant to 42 U.S.C. § 1983-1988 against both

Defendants, for unspecified "federal constitutional and statutory right," Complaint, ¶ 26,

along with state law claims for false arrest, false imprisonment, civil battery, malicious

prosecution, conversion and civil theft.

The claims arise from Plaintiff's arrest and four hour detention on March 4, 2008, by officers of the Boynton Beach Police Department, after he was stopped and detained by the Palm Beach Sheriff's Office.  Compl. ¶ 8.  Plaintiff alleges that he was arrested for simple battery – a misdemeanor – by the Boynton Police, despite the arrest taking place outside the City of Boynton Beach.  Id. ¶ 16.  Plaintiff further alleges that the purported incident of battery did not occur within the presence of the Sheriff's Office, id. ¶ 12, that the Sheriff's Office lacked probable cause, id. ¶ 11, and that when they left their jurisdiction the Boynton Police lacked probable cause to arrest Plaintiff. Id. ¶ 18.  Plaintiff alleges that various bases for a proper arrest were not present.  Id. ¶¶ 10, 13-14, 17, 19-21.  Finally, Plaintiff contends that the Boynton Police took possession of his personal firearms and accessories, valued at $3,582.29.  Id. ¶ 22.

Defendant Ric Bradshaw, as Sheriff of Palm Beach County, moves to dismiss the claims.  Plaintiff opposes the motion.  Defendant Boynton Beach filed an Answer to the Complaint.

## II. DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above

the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Plaintiff must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires that only one claim be stated per count.  Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).  Plaintiff has not completely complied with these pleading rules as applied to Count I of the Complaint.

### B.  Federal Claim(s)

Pursuant to 42 U.S.C. § 1983, a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  In Count I, whose title includes a range encompassing six different statutory sections, Plaintiff sufficiently alleges the element of action under color of state law.  However, Plaintiff simply states that the Defendants violated his "federal constitutional and statutory right."  Defendant PBSO argues that

3

this allegation fails to identify the constitutional provision or statutory rights Defendant is alleged to have violated.

In opposition to the motion, Plaintiff refers to the factual allegations made in the first 24 paragraphs of the Complaint, particularly paragraph 23, which lists five separate claims and refers to "42 U.S.C. §§ 1983-1988," but also appears to limit this conduct to the "Boynton Police."  Plaintiff's Response at page 2; Compl. ¶ 23.  Even if the Court were to incorporate ¶ 23 into Count I, which technically Plaintiff has done in ¶ 25, the Complaint fails to properly put Defendant PBSO on notice as to the claims pending against it.  The Court also concludes that by lumping six statutory sections and five separate causes of action ("false arrest, false imprisonment, civil battery, intentional infliction of emotional distress, libel) into one claim, Plaintiff violates Rule 10(b) of the Fed. R. Civ. P.

As currently plead, Defendant PBSO is entitled to a more definite statement of the claim(s) or a dismissal for failure to properly state a claim.  Therefore, the Court concludes that Count I must be re-plead to state which statutory or constitutional provision and which causes of action are asserted against which Defendant, breaking out different claims into separate counts (i.e, false arrest, etc.).

### C.  Florida Statutory Notice Provision

Defendant PBSO also argues that Plaintiff has failed to allege compliance with the statutory notice provision contained in Florida Statutes § 768.28(6)(a).  PBSO contends that Plaintiff must specifically allege such compliance.  Fletcher v. City of Miami, 567 F.Supp. 2d 1389, 1393 (S.D. Fla. 2008).  In opposition to the motion,

Plaintiff asserts that his general allegation that he has "exhausted all available administrative remedies and satisfied all conditions precedent" is sufficient.  Compl. ¶ 24.  Wagatha v. City of Satellite Beach, 865 So. 2d 620, 622 (Fla. Dist. Ct. App. 2004).  In reply, Defendant PBSO cites to Florida Medical Center v. Dep't of Health and Rehabilitative Service, 511 So. 2d 677, 678 (Fla. Dist. Ct. App. 1987) for the proposition that a statutory notice which is a condition precedent must be specifically alleged. Reply to Plaintiff's Response at p. 6.  However, the Florida Medical Center opinion concerns waiver, and does not state a definitive pleading rule as PBSO suggests.

The Court concludes that a general allegation of satisfying all conditions precedent is sufficient under the facts of this case.  This federal court is hesitant to impose a particularized pleading requirement concerning Florida law absent a clear determination by the Florida courts or legislature that such specificity is required.

III. CONCLUSION

The Court will grant Defendant PBSO's motion as to Count I regarding the insufficiency of the allegations and indefiniteness as to the constitutional claims actually asserted by Plaintiff, and deny the motion as to the state law claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.	Defendant Ric Bradshaw's Motion to Dismiss [DE 8] is hereby **GRANTED in part** as to Count I, and **DENIED in part** as to the state law claims;

2.	Plaintiff shall file an Amended Complaint by December 23, 2010, in accordance with this Order;

5

3.   Defendant Boynton Beach will have the option of filing an answer to the Amended Complaint or filing a notice that their prior Answer shall operate as a response to the Amended Complaint;

4.   Failure of Plaintiff to timely file an Amended Complaint may result in the remand of the remaining state court claims to state court.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of December, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
counsel of record on CM/ECF