UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81082-CIV-COHN/Seltzer

MORRIS McDANIEL,

        Plaintiff,

vs.

RIC L. BRADSHAW, as Sheriff of Palm
Beach County and the CITY OF
BOYNTON BEACH, as Boynton Beach
Police Department,

        Defendants.

_____/

## ORDER GRANTING IN PART PBSO's MOTION TO DISMISS
## ORDER GRANTING CITY'S MOTIONS REGARDING SCHEDULE
## ORDER RESETTING TRIAL DATE

**THIS CAUSE** came before the Court on Defendant Ric Bradshaw's Motion to

Dismiss Second Amended Complaint [DE 29], Plaintiff's Response Memorandum in

Opposition to the Motion to Dismiss [DE 32],[1] Defendant City of Boynton Beach's

Verified Unopposed Motion to be Excused from the Second Week of the Trial Docket

[DE 34], and Defendant City of Boynton Beach's Unopposed Motion for One Week

Extension of Time to Take the Plaintiff's Deposition [DE 35].  The Court has carefully

considered the filings and is otherwise fully advised in the premises.


## I.  BACKGROUND

Plaintiff Morris McDaniel filed this action against Defendant Rick Bradshaw, as

Sheriff of Palm Beach County ("PBSO" or "Sheriff's Office"),[2] and Defendant City of

_____

[1]  No reply memorandum was filed by the deadline of March 14, 2011.

[2]  Official capacity suits against municipal officers are actually suits directly
against the municipality that the officer represents.  Kentucky v. Graham, 473 U.S. 159,

Boynton Beach, Florida ("City"), based upon Mr. McDaniel's ("Plaintiff") arrest on May 4, 2008. The Court granted in part PBSO's motion to dismiss the initial complaint [DE 13]. Plaintiff timely filed a First Amended Complaint in response to the Court's Order [DE 14]. After PBSO moved to dismiss the First Amended Complaint [DE 20], Plaintiff moved for and received approval to file a Second Amended Complaint, which was filed on January 24, 2011 [DE 24]. The City filed an Answer [DE 25], while PBSO moved to dismiss the Second Amended Complaint.

The Second Amended Complaint brings claims pursuant to 42 U.S.C. § 1983-1988 against both Defendants, along with state law claims for false arrest, false imprisonment, civil battery, malicious prosecution, conversion and civil theft. The claims arise from Plaintiff's arrest and detention on May 4, 2008, by officers of the Boynton Beach Police Department, after he was stopped and detained by the Palm Beach Sheriff's Office, outside the borders of the City. Compl. ¶¶ 8, 12-13, 15-18. Plaintiff alleges that he was arrested for simple battery – a misdemeanor – by the Boynton Police, despite the arrest taking place outside the City of Boynton Beach. Id. ¶ 23. Plaintiff further alleges that the purported incident of battery did not occur within the presence of Boynton Police (nor any other law enforcement personnel), that when they left their jurisdiction the Boynton Police lacked probable cause to arrest Plaintiff, and they were not in fresh pursuit of him. Id. ¶¶ 24-27. Finally, Plaintiff contends that the Boynton Police took possession of his personal firearms and accessories, valued at $3,582.29. Id. ¶ 28.

---

165-66 (1985).

2

## II. DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.  Plaintiff continues to rely upon cases citing the old pleading standard.  Plaintiff's Response, 1-2 [DE 32].

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Plaintiff must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires that only one claim be stated per count.  Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th

Cir. 1996).  In its order granting in part PBSO's motion to dismiss the initial complaint, the Court concluded that Plaintiff violated Rule 10(b) of the Fed. R. Civ. P. by lumping six statutory sections and five separate causes of action ("false arrest, false imprisonment, civil battery, intentional infliction of emotional distress, libel) into one claim.  In his attempt to remedy his pleading deficiencies, Plaintiff has again failed to follow Rule 10(b) as applied to Count I of the Second Amended Complaint.[3]

## B.  Federal Claim(s) in Count I

Pursuant to 42 U.S.C. § 1983, a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  In Count I of the Second Amended Complaint, whose title includes a range encompassing six different statutory sections, Plaintiff sufficiently alleges the element of  action under color of state law.  However, Defendant PBSO argues that this claim continues to fail to put Defendant on notice as to which constitutional provision or statutory rights Defendant is alleged to have violated.

Although Plaintiff has sufficiently complied with Fed. R. Civ. P. 8(a)(2) in Count I by specifically including in ¶ 33 which actions allegedly resulted in the § 1983 violations, Plaintiff has failed to completely fix the problem because it still lumps six statutory

---

[3]  This time Plaintiff did comply with Fed. R. Civ. P. 8(a)(2) as to Count I by specifically including in ¶ 33 which actions allegedly resulted in the § 1983 violations ("the May 4, 2008 incident caused McDaniel to be illegally detained, falsely arrested, falsely imprisoned, battered, and to experience an intentional infliction of emotional distress – caused by the PBCSO").

sections and several different underlying bases for a § 1983 claim into one claim in violation of Fed. R. Civ. P. 10(b).  Plaintiff has failed to follow the direction of the Court and has failed to properly put Defendant PBSO on notice as to the claims pending against it.

### C.  Municipal Liability for § 1983 Claim

A municipality cannot be held liable under § 1983 for the acts of its employees on a theory of respondeat superior.  <u>Scala v. City of Winter Park</u>, 116 F.3d 1396, 1399 (11th Cir. 1997); <u>Cook v. Sheriff of Monroe Cnty.</u>, 402 F.3d 1092, 1116 (11th Cir. 2005) (citing <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978)).  Rather, a municipality bears liability under § 1983 only where the challenged action implements or executes a municipal policy or custom.  <u>Scala</u>, 116 F.3d at 1399 (citing <u>Monell</u>, 436 U.S. at 694).

> [I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

<u>Monell</u>, 436 U.S. at 694.  However, "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."  <u>Scala</u>, 116 F.3d at 1399 (quoting <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986) (majority opinion)).  "[L]iability may arise from 'a course of action tailored to a particular situation and not intended to control decisions in later situations,' provided that 'the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'"  <u>Scala</u>, 116 at 1399 (quoting <u>Pembaur</u>, 475 U.S. at 481 (plurality opinion).  Therefore, in order for a municipality to be held liable for an official's actions, the official must possess final policymaking authority.

Plaintiff does not allege that an official with final policymaking authority caused the alleged violations of his civil rights.  Rather, Plaintiff alleges that "Leslie Shibert," who served as Sheriff Ric Bradshaw's campaign manager and who was present at the scene on May 4, 2008 talking to Plaintiff's wife, "might have called the PBCSO due to [her] relationship with the upper administration at PBCSO, including Sheriff, Ric L. Bradshaw." Sec. Am. Compl., ¶ 10.  In his response to the motion to dismiss, Plaintiff describes "Leslie Shriberg"[4] as an employee of PBSO who called "supervisors/upper management at PBSO" concerning Plaintiff.  Response at 2.

The Court concludes that the allegations in the Second Amended Complaint fail to state a claim for Sheriff's Office liability for § 1983 claims under the substantive standard of Monell, and the procedural standards of Twombly and Iqbal.  Plaintiff has failed to allege facts sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.  Because Plaintiff has previously had an opportunity to amend his complaint, the § 1983 claim is dismissed with prejudice.

### D.  False Arrest/False Imprisonment

Defendant PBSO also moves to dismiss the claims for false arrest (Count III) and false imprisonment (Count V) as they are different labels for the same cause of action under Florida law.  Both sides cite to case law that appear to be in conflict. Defendant PBSO relies upon Rankin v. Evans, 133 F.3d 1425, 1431 n.5 (11th Cir. 1998), which cites to Weissman v. K-Mart Corp., 396 So.2d 1164, 1165 n. 1 (Fla. Dist.

---

[4]  A different spelling of the name is used in Plaintiff's Response as compared to the Second Amended Complaint, but presumably this is the same person.

Ct. App. 1981), for the proposition that false imprisonment and false arrest are the same under Florida law.  See also Andrews v. Florida Parole Com'n, 768 So. 2d 1257, 1266 (Fla. Dist. Ct. App. 2000).  Plaintiff relies upon Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996), for the proposition that the claims are distinct from each other.

The Ortega opinion allowing a claim of false imprisonment to be distinct from a claim of false arrest appears to be limited to cases of mistaken identity.  85 F.3d at 1526 ("we note that, under certain circumstances, a detention following a valid arrest may present a viable section 1983 claim where the detainee protests the detention on the basis of misidentification.").  In Ortega, the plaintiff was imprisoned without bond for five months, following an arrest based solely upon one informant's tip to police.  85 F.3d at 1525.  This conclusion that the claim of false imprisonment is distinct from the claim of false arrest does not appear to be followed in other contexts.  Eloy v. Guillot, 289 Fed. Appx. 339, 342 (11th Cir. 2008) (citing Ortega, and concluding that plaintiff's claim for false imprisonment is functionally indistinct from his false arrest claim).  Plaintiff in this action was detained briefly following an allegedly unlawful arrest.  Thus, based upon the decisions in Rankin, Weissman, Andrews and the weight of the authority from the Eleventh Circuit Court of Appeals and Florida appellate courts, the Court will dismiss the false imprisonment claim as subsumed by the false arrest claim.

## III. CONCLUSION

The Court will grant Defendant PBSO's motion as to Count I regarding the failure to comply with Fed. R. Civ. P. 10(b) and failure to allege a custom, policy or practice on

the part of PBSO.  In addition, Plaintiff concedes in his Response that he has failed to state a claim for civil battery and malicious prosecution.  Response, n.1.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Ric Bradshaw's Motion to Dismiss Second Amended Complaint [DE 29] is hereby **GRANTED in part** as to Counts I, V, VII and IX, and **DENIED in part** as to Count III;

2. The claim in Count I is **DISMISSED with prejudice**;

3. The matter will proceed as to Count III against Ric Bradshaw, as Sheriff for Palm Beach County, and as to the claims against the City of Boynton Beach;

4. Defendant City of Boynton Beach's Verified Unopposed Motion to be Excused from the Second Week of the Trial Docket [DE 34] is hereby **GRANTED**;

5. Defendant City of Boynton Beach's Unopposed Motion for One Week Extension of Time to Take the Plaintiff's Deposition [DE 35] is hereby **GRANTED**. Plaintiff's deposition may be taken before April 15, 2011;

6. Due to the Court's criminal docket, the trial in this case is reset for the two-week period commencing July 18, 2011, though the Calendar Call remains set for June 30, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of April, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:

counsel of record on CM/ECF