UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81082-CIV-COHN/Seltzer

MORRIS McDANIEL,

                    Plaintiff,

vs.

RIC L. BRADSHAW, as Sheriff of Palm
Beach County and the CITY OF
BOYNTON BEACH, as Boynton Beach
Police Department,

                    Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES**
**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER**
**ORDER SETTING DEADLINE FOR ANSWER OF RIC BRADSHAW TO COUNT III**
**ORDER RESETTING TRIAL DATE**

**THIS CAUSE** came before the Court on Plaintiff's Motion for Extension of Deadlines [DE 37], Defendant City of Boynton Beach's Response [DE 41], and Plaintiff's Emergency Motion for Protective Order [DE 39]. The Court has carefully considered the filings and is otherwise fully advised in the premises.

Plaintiff seeks to extend all deadlines in this action by forty-five days. The Court notes that Defendant City of Boynton Beach does not oppose this relief. The Court also notes that due to various pleading deficiencies and Plaintiff's need to go through two amendments to his Complaint, the answer of Defendant Palm Beach County Sheriff's Office is not yet due. Plaintiff also seeks a protective order for tomorrow's scheduled deposition of Plaintiff.[1]

_____

[1] Defendants have objected to rescheduling the deposition absent the entry of a protective order given the present discovery deadline of April 15, 2011. Plaintiff's prior motion for extension of deadlines, filed on Saturday, April 9, 2011, also sought the extension for the purpose of rescheduling Plaintiff's deposition to avoid the job conflict that Plaintiff has for this week.

Turning to Plaintiff's explanation of the need for an extension of the discovery deadline, Plaintiff has shown good cause for a continuance of a few weeks, partly because of Plaintiff's schedule as a teacher administering FCAT exams, and the prior difficulties in scheduling Plaintiff's deposition.  In addition, the fact that Plaintiff's remaining claim against the Sheriff's Office is not yet at issue, would suggest that the remaining depositions of Plaintiff and the Sheriff's Office witnesses be taken after an answer is filed.  However, these reasons do not justify a full forty-five day extension.

The Court will grant in part Plaintiff's motion and extend the deadlines by four weeks, including all remaining pretrial deadlines.  The trial setting will need to be extended by only two weeks given the present schedule.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Emergency Motion for Protective Order [DE 39] is hereby **GRANTED**. Plaintiff's deposition shall be reset within the new deadline set below;

2.     Plaintiff's Motion for Extension of Deadlines [DE 37] is hereby **GRANTED in part** as follows:

| | |
|---|---|
| Discovery cutoff | May 13, 2011 |
| Dispositive motion deadline | May 27, 2011 |
| Mediation Report Deadline | June 17, 2011 |
| Motions in limine | July 14, 2011 |
| Responses to Motions in Limine, Joint Pretrial Stipulation and Deposition Designations for Trial for Unavailable Witnesses | July 22, 2011 |

       Proposed Jury Instructions, and any      Calendar Call
       Counter-designations and objections to
       Deposition designations

3.     This case is reset for trial on the two week trial period **commencing**

      **August 1, 2011**, with the Calendar Call reset for **Thursday, July 28, 2011** at

      9:00am.

4.     The Answer of Defendant Ric Bradshaw, as Sheriff for Palm Beach County, as to

      Count III shall be due by April 26, 2010.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 13th day of April, 2011.

                                    JAMES I. COHN
                                    United States District Judge

Copies provided to:

counsel of record on CM/ECF