UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81082-CIV-COHN/Seltzer

MORRIS McDANIEL,

    Plaintiff,

vs.

RIC L. BRADSHAW, as Sheriff of Palm Beach County and the CITY OF BOYNTON BEACH, as Boynton Beach Police Department,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**ORDER GRANTING MOTION FOR LEAVE TO AMEND**
**ORDER AMENDING SCHEDULING ORDER**

**THIS CAUSE** came before the Court on Plaintiff's Motion for Reconsideration of Dismissal of Count I with Prejudice and Motion for Leave to Amend Second Amended Complaint [DE 43], Plaintiff's Notice of Filing Third Amended Complaint [DE 46], City of Boynton Beach's Response to Plaintiff's Motion [DE 44], Sheriff Ric Bradshaw's Response to Plaintiff's Motion [DE 50], and Plaintiff's Reply in Support of his Motion [DE 56]. The Court has carefully considered the filings and is otherwise fully advised in the premises. The motions became ripe on May 6, 2011.

## I.  BACKGROUND

Plaintiff Morris McDaniel filed this action against Defendant Rick Bradshaw, as Sheriff of Palm Beach County ("PBSO" or "Sheriff's Office"), and Defendant City of Boynton Beach, Florida ("City"), based upon Mr. McDaniel's ("Plaintiff") arrest on May 4, 2008. The Court granted in part PBSO's motion to dismiss the initial complaint [DE 13].

Plaintiff timely filed a First Amended Complaint in response to the Court's Order [DE 14]. After PBSO moved to dismiss the First Amended Complaint [DE 20], Plaintiff moved for and received approval to file a Second Amended Complaint, which was filed on January 24, 2011 [DE 24]. The City filed an Answer [DE 25], while PBSO moved to dismiss the Second Amended Complaint. The Court granted PBSO's motion in part, dismissing the federal claim under 42 U.S.C. § 1983 in Count I with prejudice, as well as Counts V, VII and IX [DE 38]. The action was to proceed as to the common law false arrest claim in Count III against Ric Bradshaw, as Sheriff for Palm Beach County, and as to the claims against the City of Boynton Beach.

Plaintiff filed a motion for reconsideration of the dismissal of Count I with prejudice, along with a motion for leave to amend to file a Third Amended Complaint. The proposed Third Amended Complaint provides more detail and adds allegations in Count I regarding the conduct of PBSO's employees with regard to Plaintiff's initial detention, including an employee who worked for the Sheriff and a captain in the PBSO. Third Am. Compl., § 10 [DE 46-1]. The new complaint does not add new claims and otherwise tracks the language of the Second Amended Complaint. It now includes claims under Section 1983 in Count I against PBSO and in Count II against the City, state law claims for false arrest in Counts III and IV, conversion in Count V, and

civil theft in Count VI.[1]  Plaintiff seeks reconsideration of the Court's decision to dismiss Count I with prejudice.  The City and PBSO oppose the motions.

II. DISCUSSION

**A.  Motion for Reconsideration**

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted).

Plaintiff contends that discovery in this action has revealed new evidence. Plaintiff now alleges in the proposed Third Amended Complaint that a mutual aid

---

[1] The claims arise from Plaintiff's arrest and detention on May 4, 2008, by officers of the Boynton Beach Police Department, after he was stopped and detained by the Palm Beach Sheriff's Office, outside the borders of the City.  Third Am. Compl. ¶¶ 8, 11-13, 15-20.  Plaintiff alleges that he was arrested for simple battery – a misdemeanor – by the Boynton Police, despite the arrest taking place outside the City of Boynton Beach.  Id. ¶ 24.  Plaintiff further alleges that the purported incident of battery did not occur within the presence of Boynton Police (nor any other law enforcement personnel), that when they left their jurisdiction the Boynton Police lacked probable cause to arrest Plaintiff, they were not in fresh pursuit of him, and a valid mutual aid agreement was not in place.  Id. ¶¶ 25-28, 15-16.  Finally, Plaintiff contends that the Boynton Police took possession of his personal firearms and accessories, valued at $3,582.29.  Id. ¶ 29.

agreement between the City and PBSO was not in force at the time of his arrest. Defendants both argue that there was such an agreement in place. Of more significance to the present motion, PBSO argues that Plaintiff and/or his counsel knew of the existence of the agreement one year ago during departmental disciplinary proceedings, thus negating an argument that new evidence was produced.

While it is premature for this Court to rule whether there was a valid mutual aid agreement in existence between the City and PBSO on May 4, 2008, the existence or not of such an agreement is not new evidence under Rule 59(e). However, more importantly at the pleading stage of this action are the additional allegations in the Third Amended Complaint regarding the communications between Leslie Shriberg, alleged to be employed by the PBSO and have a personal relationship with Sheriff Bradshaw, and a supervisory PBSO captain just prior to the PBSO detention of Plaintiff. Third Am. Compl. § 10. Plaintiff has now appeared to have properly plead a claim for municipal liability under 42 U.S.C. § 1983, because Plaintiff has alleged that an official with final policymaking authority caused the alleged violations of his civil rights.

### B.  Motion for Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires."  In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of

4

amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Despite Defendants' arguments to the contrary, the Court concludes that Plaintiff has shown good cause to amend his complaint, one last time, because discovery has revealed more facts to allow him to sufficiently state his civil rights claim to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.[2]  In order to avoid any prejudice to any party, the Court will extend the deadlines and trial setting by a few weeks.  This extension will also allow the parties to complete the discovery that is the subject of various discovery motions being handled by United States Magistrate Judge Barry Seltzer.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration of Dismissal of Count I with Prejudice [DE 43] is hereby **GRANTED**;

2. Plaintiff's Motion for Leave to Amend Second Amended Complaint [DE 43] is hereby **GRANTED**;

3. The Third Amended Complaint [DE 46-1] shall be filed by Plaintiff as a separate docket entry in CM/ECF as soon as possible, but no later than Monday, May 16, 2011;

---

[2] The Court also notes that Count I now complies with Fed. R. Civ. P. 10(b) because only Section 1983 is referenced and the only remaining underlying basis for a § 1983 claim as to PBSO is false arrest.

4. This case is reset for trial on the two week trial period **commencing August 29, 2011**, with the Calendar Call reset for **Thursday, August 25, 2011** at 9:00am;

5. The following deadline shall now apply to this case:

| | |
|---|---|
| Discovery cutoff | June 10, 2011 |
| Dispositive motion deadline | June 24, 2011 |
| Mediation Report Deadline | July 14, 2011 |
| Motions in limine | August 11, 2011 |
| Responses to Motions in Limine, Joint Pretrial Stipulation and Deposition Designations for Trial for Unavailable Witnesses | August 19, 2011 |
| Proposed Jury Instructions, and any Counter-designations and objections to Deposition designations | Calendar Call |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of May, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
counsel of record on CM/ECF