UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81082-CIV-COHN/SELTZER

MORRIS McDANIEL,

    Plaintiff,

vs.

RIC BRADSHAW, as Sheriff of Palm
Beach County, Florida and the CITY
OF BOYNTON BEACH, as Boynton
Beach Police Department,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

THIS CAUSE is before the Court on Defendant, Ric L. Bradshaw's, Emergency Motion for Sanctions (DE 83), Plaintiff's Response to Defendant's Motion (DE 94), and Defendant Bradshaw's Reply thereto (DE 102). The Court having considered the parties' filings, having heard of argument of counsel, and being otherwise sufficiently advised, it is hereby ORDERED that Defendant Bradshaw's Motion is GRANTED in part and DENIED in part for the reasons set forth below.

## BACKGROUND

1. On March 14, 2011, Defendant Ric L. Bradshaw, as Sheriff of Palm Beach County, served on Plaintiff Morris McDaniel a Second Request for Production, requesting documents responsive to 30 categories of documents.

2. On April 26, Plaintiff served his Response to Defendant Bradshaw's Second Request for Production. In response to one document request – Request 17 – which

sought copies of the Palm Beach County Sheriff's Office's policies and practices that Plaintiff had referred to in his Second Amended Complaint, Plaintiff stated "PBCSO has a copy of its own policies."  In response to 15 other document requests, Plaintiff indicated that "[d]ocuments [would] be produced at a mutually convenient date and time."  And in response to the remaining 14 document requests, Plaintiff indicated either that he had no responsive documents or that he had previously produced the responsive documents.

3. On April 27, 2011, Defendant Bradshaw filed a Motion to Compel Better Responses to his Second Request for Production.  That Motion requested that the Court compel Plaintiff to produce documents responsive to the requests to which he had indicated he would produce documents, as well the document request that sought copies of PBCSO's policies and procedure to which Plaintiff had referred to in his Second Amended Complaint.  Plaintiff did not respond to the Motion.

4. On May 18, 2011, this Court granted Defendant Bradshaw's Motion to Compel Better Responses to his Second Request for Production and ordered Plaintiff to produce the documents that he had previously indicated he would produce in response to Requests 1, 2, 6, 10, 11, 21, 22, 23, 24, 25, 26, 27, 28, and 29 and the copies of PBCSO's policies and practices responsive to Request 17 (DE 74).  Plaintiff was required to produce these documents on or before May 25, 2007.  Plaintiff, however, did not produce any documents by the due date.

5. On May 25, 2011 (the due date), Defendant Bradshaw's counsel emailed Plaintiff's counsel reminding him that Plaintiff's document production was due and offering to send a copy service to his office to photocopy the documents; counsel specifically requested that the documents be copied on May 26, 2011, or at the latest the morning of

May 27, 2011.[1]

5.      On May 26, 2011, Plaintiff's counsel informed Defendant Bradshaw's counsel (by email) that he would be forwarding that day (by fax) better responses to Defendant's outstanding discovery requests. Defendant's counsel did not receive Plaintiff's "better responses" that day.

6.      On the morning of May 27, 2011, Plaintiff's counsel emailed Defendant Bradshaw's counsel copies of only Plaintiff's 2008 and 2009 federal income tax returns, which were responsive to Request 1. Request 1, however, had sought production of Plaintiff's federal income taxes for the years 2006 through 2010.

7.      At 10:50 a.m. on May 27, 2011, Defendant Bradshaw filed a Notice of Plaintiff's Non-Compliance with the Court's Order requiring Plaintiff to produce documents by May 25, 2011. Defendant informed the Court that Plaintiff had not produced any documents by the due date and that the only documents Defendant had received were two tax returns in partial response to just one on his document requests.

8.      At 12:40 p.m. on May 27, 2011, Plaintiff's counsel emailed Defendant Bradshaw's counsel Plaintiff's Supplemental Responses to Defendant's Second Request for Production. And at 1:50 p.m. that same day, Plaintiff filed a Notice of Compliance with Discovery Order, which merely stated: "Plaintiff MORRIS McDANIEL ('Plaintiff'), by and through counsel, hereby gives notice of compliance of this Court's May 18, 2011, Order." Notice at 1 (DE 80).

---

[1] On May 19, 2011 (the day after the Court entered its Order requiring Plaintiff to produce the documents), Defendant Bradshaw also offered to send a copy service to Plaintiff's counsel's office. It appears that Plaintiff's counsel failed to respond to either the May 19 or the May 25 emails by the time Defendant filed the instant Motion on May 27.

9. Shortly after Plaintiff had filed his Notice of Compliance, Defendant Bradshaw filed an Amended Notice of Non-Compliance (at 2:07 p.m), in which he informed the Court that with the exception of the two income tax returns, Plaintiff had still not produced any documents and that Plaintiff's Supplemental Responses to the discovery requests contradicted his original responses.[2]

10. At 3:19 p.m. on that same day (May 27), Defendant Bradshaw filed the instant Motion for Sanctions.

## MOTION FOR SANCTIONS

Defendant Bradshaw now moves the Court to sanction Plaintiff and his counsel for violating the Court's May 18, 2011 Order (DE 74), which required Plaintiff to produce documents on or before May 25, 2011.[3] Federal Rule of Civil Procedure 37(b) authorizes

---

[2] With respect to the documents that were the subject of Defendant Bradshaw's Motion to Compel, Plaintiff had indicated in his original Responses to the Second Request that (with one exception) responsive documents would be produced on a mutually convenient date and time. In his May 27, 2011 Supplemental Responses, however, Plaintiff contended that he had no documents responsive to some requests (Requests 2, 21, 23, and 24), that he had searched but had been unable to locate documents responsive to other requests (Requests 10, 12, 26, 27, and 28), and that he would produce documents responsive to two requests (Requests 11 and 25).

[3] Defendant Bradshaw seeks sanctions not only for Plaintiff's failure to produce documents but also for Plaintiff's failure to provide supplemental interrogatory answers by the due date set by the Court. In its May 18, 2011 Order, in addition to granting Defendant's Motion to Compel Better Responses to Second Request for Production, the Court also granted Defendant Bradshaw's Motion to Compel Better Answers to Interrogatories. The Court required Plaintiff to supplement his answers to certain of Defendant's Interrogatories on or before May 26, 2011. More specifically, the Court required Plaintiff to provide the following information: Plaintiff's business address, home and business telephone numbers, and social security number; the last known address of Dr. Fuguay; and the complete address of Palm West Hospital. Although Plaintiff had served Better Answers after Defendant had filed its Motion to Compel, the Court also required (as a Rule 37(a)(5) sanction) Plaintiff to pay $100 in attorney's fees because he had failed to proffer any reason for failing to provide complete information, either in his

a court to enter such sanction orders as are "just" on a party that violates an order compelling discovery, up to and including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v). Courts "enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). "Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions." Broadcast Music, Inc. v. Bourbon Street Station, Inc., No. 3:09-cv-468-J-25MCR, 2010 WL 1145184, at *2 (M.D. Fla. Mar. 23, 2010).

Here, it is clear that Plaintiff did not produce any documents by May 25, 2011, as directed by the Court in its May 18, 2011 Order (DE 74). The day following the due date, Plaintiff did produce his federal income tax returns, but only for two of the five years that Defendant Bradshaw had sought. As of the June 7, 2011hearing on the instant Motion, these are the only documents Plaintiff had produced. In his Response to the Motion for Sanctions, Plaintiff contends that his non-compliance with the Court's Order "was not intentional, but rather was an inadvertent occurrence. . . ." Response at 2 (DE 94). Although not clearly articulated, Plaintiff explains that he previously believed (when he filed his original Responses to Defendant's document requests) that he did have responsive documents, but after the Court entered its Order, he was unable to locate them. Plaintiff appears to attribute the untimeliness of his tax return production and his Supplemental

---

initial answers or in his supplemental answers. Plaintiff did provide the complete information required by the Court's May 18 Order, albeit three days late. As the Court has already sanctioned Plaintiff, and as Plaintiff did provide the information before his May 31, 2011 deposition, the Court does not find that further sanctions are warranted with respect to this violation.

Responses to the volume of documents requested by Defendant. At the June 11, 2011 hearing, however, Plaintiff explained that following a domestic dispute and his May 4, 2008 arrest as a result thereof, he moved out of the marital residence, leaving his personal documents (that would have been responsive to the document requests) behind in a file cabinet; however, when he moved backed home, the papers were no longer there. According to Plaintiff, he therefore cannot now produce the majority of documents that the Court ordered him to produce.

The Court is troubled by Plaintiff's representation in his original responses to Defendant Bradshaw's Second Request for Production that (with respect to virtually all the documents at issue) he would produce the documents at a mutually convenient date and time. Such representation implies that Plaintiff had searched for and located the documents and that the documents were ready for Defendant's inspection and copying. Although Defendant Bradshaw had the expectation that he would be receiving documents responsive to all but one Request (to which Plaintiff had objected), it was only after Defendant had moved to compel the production of the documents and only after the Court had ordered Plaintiff to produce them, that Defendant and this Court first learned that Plaintiff can produce only two income tax returns, a transcript of a deposition (taken in another case), and perhaps a receipt of a gun purchase. At the June 7, 2011 hearing, the Court attempted to ascertain whether Plaintiff's counsel had instructed his client to search for responsive documents upon receipt of Defendant's Second Request for Production and whether Plaintiff did search for the documents at that time. Neither Plaintiff nor his counsel was able to give the Court a clear response. It appears, therefore, that Plaintiff only began his search for responsive documents after the Court had entered its Order requiring the

documents be produced.

Although the Court accepts Plaintiff's representation that he does not now possess the vast majority of the documents the Court ordered him to produce, a party has an obligation to produce documents not only in his possession, but also documents in his custody and/or control. The Eleventh Circuit has defined "control" as the legal right to obtain documents upon demand. Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984). Plaintiff has the legal right to obtain at least some of the documents at issue from other sources, such as his income tax returns (from the IRS), medical records (from the medical providers), and credit card statements and canceled checks evidencing gun purchases (from the credit card providers and/or the bank). It does not appear, however, that Plaintiff made any effort to do so.[4]

The Court, therefore, finds that some kind of sanction is warranted. Defendant Bradshaw argues that because the Court has twice previously imposed monetary sanctions on Plaintiff for discovery violations, the only appropriate sanction now would be dismissal of Plaintiff's claim. The Court, however, does not find that the harsh sanction of dismissal of Plaintiff's claims is warranted under the circumstances here. The Court, however, is not limited to imposing the sanction sought. The Court concludes that the appropriate sanction is that authorized by Rule 37(b)(2)(A)(ii) – "prohibiting the [party disobeying a court order] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii) (emphasis added). The Court,

---

[4] The Court recognizes that it would have been difficult, if not impossible, for Plaintiff to obtain these documents in the one-week period the Court allotted for production. Plaintiff, however, could have moved for an extension of time to produce them.

therefore will preclude Plaintiff from introducing any documents that the Court required him to produce, and which were not produced by May 25, 2011, the court-ordered date for production.

In addition, the Court cannot find that Plaintiff's failure to obey the Court's Order was substantially justified or that circumstances make a monetary sanction unjust. Although the Court has accepted Plaintiff's representation that he no longer has many of the documents sought by Defendant, he originally indicated that the documents would be produced, resulting in Defendant having to bring a Motion to Compel and then the instant Motion for Sanctions when Plaintiff failed to produce them as required by the Court. Moreover, Plaintiff failed to make any effort to obtain responsive documents from other sources. Under Rule 37(b)(2)(C),[5] the Court, therefore, must require Plaintiff to pay Defendant Bradshaw the reasonable expenses he incurred due to Plaintiff's failure to obey the Court's May 18, 2011 Order.

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff shall continue his search for the documents that this Court ordered he produce in its May 18, 2011 Order, including obtaining responsive documents from

---

[5] Rule 37(b)(2)(C) provides:

> Instead of or in addition to the orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

other sources, if possible; Plaintiff shall produce the documents he is able to locate and/or obtain from others to Defendant Bradshaw forthwith;

  2. Plaintiff is prohibited from introducing all documents responsive to Defendant Bradshaw's Requests 1, 2, 6, 10, 11, 17, 21, 22, 23, 24, 25, 26, 27, 28, and 29 for any purpose, including in support of, or in opposition to, any summary judgment motion or as evidence at trial; and

2. Within 90 days of the date of this Order, Plaintiff shall pay to Defendant Bradshaw $300 to defray the attorney's fees incurred in bringing the instant Motion for Sanctions.

  DONE AND ORDERED in Fort Lauderdale, Florida, this 20th day of June 2011.

*[Signature]*
BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record