UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81082-CIV-COHN/Seltzer

MORRIS McDANIEL,

    Plaintiff,

vs.

RIC L. BRADSHAW, as Sheriff of Palm
Beach County and the CITY OF
BOYNTON BEACH, as Boynton Beach
Police Department,

    Defendants.
_____/

## ORDER GRANTING IN PART BILLS OF COSTS

**THIS CAUSE** is before the Court upon Defendant City of Boynton Beach's Verified Motion for Bill of Costs [DE 203], Plaintiff's Response Opposing Bill of Costs [DE 211], the City's Reply [DE 216], Defendant Ric L. Bradshaw's Bill of Costs [DE 204], Plaintiff's Response Opposing Bill of Costs [DE 213], and Bradshaw's Reply [DE 218]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

### I. BACKGROUND

On August 25, 2011, the Court entered a final summary judgment in favor of Defendants City of Boynton Beach ("City") and Defendant Ric L. Bradshaw, as Sheriff of Palm Beach County ("PBSO"), and against Plaintiff Morris McDaniel. Defendants then each filed a Bill of Costs, seeking a variety of costs and expenses. Plaintiff opposes the requests on grounds that Defendants failed to provide evidence to support all costs, making specific objections to various items sought by Defendants.

## II.  DISCUSSION

### A.  Legal Standard to Award Costs

The United States Supreme Court has interpreted Fed. R. Civ. P. 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs."  Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

The costs allowed in 28 U.S.C. § 1920 are as follows:

   (1) Fees of the clerk and marshal;

   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, Defendant City seeks costs totaling $4,964.99 for the following items: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($4,413.99); (2) fees for witnesses ($470.00); and (3) fees for copying and exemplification ($80.80).  Defendant PBSO seeks costs totaling $6,387.10 for the following items: (1) fees for service of subpoenas ($350.00); (2) fees

2

for printed or electronically recorded transcripts necessarily obtained for use in the case ($3,114.21); (3) fees for witnesses ($215.74); and (4) fees for copying and exemplification ($2,707.15). Plaintiff objects to particular items within these categories.

### B. Transcript Fees

Plaintiff objects to any fees for expediting deposition transcripts, for video services, and for Sergeant Ulrich Naujoks' deposition. With regard to costs for expedited deposition transcripts, Plaintiff contends that both the City and PBSO are seeking an unnecessary expedited rate for Plaintiff's May 31, 2011 deposition, while PBSO is seeking an expedited rate for Gena Rowlands' June 20, 2011 deposition. PBSO defends the expedited charge for Rowlands' deposition because the summary judgment deadline in this case was only a few days later on June 25, 2011 [DE 204-1 at p. 11]. PBSO also contends that "Plaintiff refused to allow the process server access to serve Gena Rowlands at their home on several occasions." PBSO Reply at 7 [DE 218]. However, the documents cited by PBSO merely state that the process server was "unable to make contact at original address," so Rowlands was served at her business address, which is the Palm Beach County Sheriff's Office. Verified Return of Service, Exhibit A to Reply [DE 218-1]. In other words, Rowlands worked for PBSO. Although it is true that her deposition was taken on the Monday just prior to the Friday motion deadline, there is no support in the record as to why the deposition was taken so late as to necessitate an expedited transcript. In the absence of the true cost of the expedited service, the Court will only award the transcript copy rate paid by the City, $444.74, and not the $681.65 paid by PBSO, for a reduction of $236.91 (about 35%) of PBSO's request.

With regard to the objection to the expedited rate for Plaintiff's May 31, 2011 deposition, the record does contain evidence that Plaintiff unreasonably delayed his

deposition from May 4, 2011.  However, the deposition was still taken 24 days prior to the summary judgment deadline.  Defendants have not shown sufficient cause for an expedited rate.[1]  The Court will reduce the City's cost for the transcript by 35%, or $593.78, but not reduce the itemized costs for the appearance fee, exhibit fees, litigation support disk, video, or condensed transcript.  See invoice at p. 3 of DE 203-1.  The Court will not reduce either Defendants' cost of obtaining the video of the deposition.  Costs for a properly noticed, non-objected to video recording of a deposition are taxable under § 1920, pursuant to Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464-65 (11th Cir. 1996).

     Finally, with regard to Plaintiff's objections to Sergeant Ulrich Naujoks' deposition as not necessary because he was employed by PBSO, "[i]n determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'"  Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D.Ala.1999) (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. June 1981)).  "[W]here the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only, the costs are not recoverable."  Id. (quoting DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga.1993)).  "[A] district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorneys."  Id. (quoting Newman, 648 F.2d at 337).  The Court concludes that Sgt. Naujoks' deposition transcript was necessarily obtained, as evidenced by the fact that Plaintiff filed this

---

[1] The Court accepts that the City's cost for this transcript is higher than the copy rate paid by PBSO.

4

deposition in support of his motion for summary judgment [DE 132]. Simply because he was employed by PBSO is not a reason to strike costs for his deposition.[2]

### C. Witness Fees

Plaintiff objects to the witness fees that both the City and PBSO are seeking for trial subpoenas served upon Defendants' own witnesses for a trial that never took place. Defendants contend that they issued the trial subpoenas and witness checks on Thursday, August 18, 2011, after completion of mediation on August 16, for the trial then scheduled to commence on Monday, August 29, 2011. On Thursday, August 25, 2011, the Court granted Defendants' motions for summary judgment and entered summary judgment. While Defendants may have sent the subpoenas out a bit early, the timing of when summary judgment was entered was late enough to justify the daily witness fee portion of the costs.[3]

However, Plaintiff also contends that trial subpoenas and witness fees were unnecessary because all of Defendants' witnesses worked for either the City or PBSO. Defendant PBSO argues that its policy is that "its employees must be subpoenaed for Court appearances in order for the officer to be validly excused from his or her work schedule as well as for administrative record keeping purposes." It is one thing to have this reasonable policy for subpoenas issuing from outside the PBSO – it is quite another for a party suing the PBSO to have to pay witness fee costs to PBSO or City employees formally served to comply with PBSO's internal policy. From the standpoint

---

[2] The cost for Plaintiff's aborted deposition on May 4, 2011 ($271.15) is properly taxed against Plaintiff, despite this amount also being awarded as a sanction, because Plaintiff never paid the sanction. Plaintiff need not pay this amount twice, but it is included in the cost award.

[3] There is no justification for taxing the travel portion of the witness fee since no such travel took place. Because these witnesses are under the control of Defendants, those fees paid can be recovered.

of § 1920, these witness fees are not reasonable. Thus, the Court will strike $215.74 from PBSO's cost request, and $470.00 from the City's request.

### D. Exemplification and Copying

Plaintiff objects to various costs sought by Defendants under the category of exemplification and costs of making copies, as general copying that is not taxable under § 1920. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996). Plaintiff objects to the City's request for $77.00 for copies of court records for "an unrelated case." However, the City states that the records concerned a prior dispute between Plaintiff and his wife, Gena Rowlands, that were relevant to the issues in this case. The Court being familiar with the record in this case and the reason for Plaintiff's arrest that precipitated this § 1983 action concludes that the City's copy costs are necessary and taxable.

Plaintiff's objections to PBSO's copying costs consist of the following arguments: 1) many of the copies were duplicative and unnecessary; 2) the descriptions suggest that PBSO's attorneys copied documents to discuss with PBSO that were produced by PBSO; 3) counsel copied the documents again to attach to its summary judgment motion even though such documents are scanned and filed electronically; and 4) counsel copied "mailed correspondence," without further identification. In reply, PBSO relies upon the standard in E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) ("whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue"), and the explanations provided with its Bill of Costs. Defendant bears the burden of identifying the taxable versus the non-taxable costs. Upon objection of certain charges by Plaintiff, it becomes Defendants' burden to undertake the line by line analysis to support the taxable costs.

Upon review of PBSO's explanations, contained at pp. 3-4 of DE 204-1, the

Court concludes that only a small portion of copying was sufficiently supported as reasonably necessary.  The Court notes that the invoice descriptions put forth by PBSO are vague and consist almost entirely of copying for internal purposes only.  Upon a detailed review of the submission, the following invoice dates could not reasonably be considered necessary:

November 2, 2010 – copies of documents from client and correspondence ($26.10)

January 28, 2011 – same    ($69.40)

April 4, 2011     –   copies of discovery responses and copies needed for conference with client   ($321.00)

May 5, 2011    –   copies for deposition notebooks and mailed correspondence ($317.80)[4]

June 6, 2011   –   copies of exhibits to be attached to Motions, mailed correspondence, copies for deposition notebook, filing of Notices of Deposition, etc.  ($565.50)

July 8, 2011    –   copies of multiple summary judgment filings for notes and review, filing of Notices of Deposition, filing of Emergency Motion (3 page motion filed at DE 113), copies of exhibits to be attached to motion, mailed correspondence, etc. ($738.00)[5].

August 1, 2011 –   copies of mailed correspondence and begin copies trial preparation notebooks ($256.90)

September 2, 2011 --    copies of mediation report, mailed correspondence and copies for trial preparation notebooks inclusive of all exhibits and depositions ($243.90)

Thus, the Court will strike $2,538.60 in copying costs, leaving a total of $168.55 in

---

[4] The Court will tax the cost for Palm Beach State College records, invoiced separately at $22.35, despite Plaintiff's objection that he never received a copy of these records.

[5] The Court will tax the cost for Palm Beach County School Board records, invoiced separately at $18.90.

copying costs.[6]

### III.  CONCLUSION

The Court will grant Defendant City an award of $3,901.21 in taxable costs, and Defendant PBSO an award of $3,395.85.  Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Defendant City of Boynton Beach's Verified Motion for Bill of Costs [DE 203] is hereby **GRANTED in part** and **DENIED in part**;

2. Defendant Ric L. Bradshaw's Motion for Bill of Costs [DE 204] is hereby **GRANTED in part** and **DENIED in part**;

3. The court will separately enter a judgment for costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of December, 2011.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record on CM/ECF

---

[6] The reasonableness of this amount is confirmed by the City's request of only $80.80 in copying costs.